HELEN RAUCH, Plaintiff, *v.* WALKER D. HINES, Director-General, HUDSON AND MANHATTAN RAILWAY COMPANY, Defendant.

Supreme Court, New York Special Term, January, 1924.

Practice — motion to correct name of defendant in judgment roll — failure of defendant to raise question of misnomer in pleadings — motion to amend judgment roll so as to describe defendant granted.

In an action to recover for personal injuries alleged to have been sustained by plaintiff on a railroad under federal control the summons and complaint, which was served on May 20, 1920, named and described the defendant as " Walker

D. Hines, Director-General, Hudson & Manhattan Railway Co." The defendant appeared by attorneys who served an answer, raised no question of misnomer and noticed the cause for trial. Payment of the judgment entered in favor of the plaintiff, upon inquest taken, was refused at the office of the railroad administration in Washington because the judgment was recovered after Mr. Hines had resigned as federal agent. *Held*, that a motion to amend the papers so as to describe the defendant as "James C. Davis, Director-General of Railroads (Hudson & Manhattan Railway Co.) and agent of the President" will be granted.

Motion to correct name of defendant appearing in pleadings.

*Breitbart & Breitbart (Charles Breitbart*, of counsel), for plaintiff.

*Janover & Janover (Jule L. Janover*, of counsel), for defendant.

Platzek, J. Plaintiff moves to correct the name of the defendant in the summons and complaint and the other papers in the judgment roll. The action was brought to recover damages for serious injuries alleged to have been sustained on one of the underground railways in New York city while the road was under federal control. The summons and complaint were served on May 20, 1920, and named and described the defendant as " Walker D. Hines, Director-General, Hudson & Manhattan Railway Co." On May 18, 1920, Walker D. Hines had resigned as federal agent under the act of February 28, 1920, and on the same day John Barton Payne had been appointed his successor. The moving papers show that the summons and complaint were served in the same manner as would have been necessary if Mr. Payne had been named as defendant in his official capacity instead of Mr. Hines. On June 9, 1920, an answer was served by the attorneys who oppose this motion. It purported to be the answer of " the defendant above named," meaning the defendant named in the title of the answer, which was in the same form as that of the summons and complaint. The answer was subscribed by the attorneys as " attorneys for the defendant." It raised no question as to the liability of the defendant to answer for any injuries sustained as a result of the negligence alleged. Thereafter the case was noticed for trial by plaintiff's attorneys and was cross-noticed by the attorneys for the defendant. It came on for trial and an inquest was taken upon which judgment was entered. Upon application to the office of the railroad administration in Washington for payment of the judgment, payment was declined because the judgment was recovered after Mr. Hines had resigned from office. Plaintiff asks to amend the papers so as to describe the defendant as " James C. Davis, Director-General of Railroads (Hudson & Manhattan Railway Co.) and agent of the President," Mr. Davis having succeeded Mr. Payne in the office. I have no

MATTER OF JOSEPH K. GWYNN. **395**

Misc. 395]     Surrogate's Court, New York County, January, 1924.

doubt that the motion should be granted.  The summons was served in the manner required to give jurisdiction in an action against the official agent of the government.  The agent named had resigned at the time of service.  But his individual name was of no real consequence.  It was perfectly apparent that the purpose of the action was to procure a judgment which should be enforcible against the funds of the railroad administration.  Attorneys appeared and answered on behalf of the defendant.  They had no right to appear for Mr. Hines as director-general.  There was no such person in existence at that time.  But they raised no question of misnomer and they subsequently noticed the case for trial.  At that time they represented the then agent of the government.  It was for him that they in truth appeared.  To change the papers by correcting the name will be merely to conform the record to the realities of the case.  To say that under such circumstances this could not be done would make a mockery of the administration of justice.  It would leave the plaintiff without remedy, since the Statute of Limitations has now run against her claim — a result manifestly intended by the practice adopted on the part of the defense.  If authority be thought necessary the conclusion here reached is sufficiently supported by the decision of the Court of Appeals in *Hungerford Co.* v. *Hines*, 236 N. Y. 528, and by the decision of the same court in *Lawrey* v. *Hines*, 237 id. 174.  Settle order on notice.

Ordered accordingly.